# United States Court of Appeals
## For the Eighth Circuit

_____

No. 22-3512
_____

United States of America

*Plaintiff - Appellee*

v.

David Michael Risse

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Northern District of Iowa - Eastern
_____

Submitted: April 10, 2023
Filed: April 26, 2023
[Unpublished]
_____

Before BENTON, ARNOLD, and GRASZ, Circuit Judges.
_____

PER CURIAM.

After serving a prison sentence for possessing an unregistered firearm, *see* 26 U.S.C. §§ 5845(a), 5861(d), and 5871, David Risse was serving a term of supervised release when his probation officer alleged that he had violated certain conditions of his release, including the condition that he not commit any new crimes. Risse

disputed the allegations, but after a hearing the district court[1] determined that he had violated this last condition, revoked his supervised release, and sentenced him to ten months in prison. Risse appeals the court's decision. We affirm.

Surveillance video captured Risse in his ex-girlfriend's garage one night fiddling under the hood of her car and later leaning down next to a tire. Risse's ex-girlfriend testified during the revocation hearing that she had asked Risse to move out of her house shortly before the video captured him in the garage. She also explained that she later found GPS trackers on her car and observed that the tire Risse had leaned beside was going flat thanks to a nail. Risse testified at the hearing and maintained that, when he was looking under the hood, he was putting water in the windshield wiper fluid compartment, not installing a tracker. He also denied damaging the tire, saying that he was merely replacing a valve stem. Finally, Risse testified that it was a few days after he worked on the car that the pair had separated, and so he still had permission to be in the garage at the time the video captured him.

The district court found Risse's testimony "not credible," stating that "I do not believe Mr. Risse" and that "[h]is testimony does not make sense to me." The court instead credited his ex-girlfriend's testimony, noting that "I believe she asked him to leave, and he came back and vandalized her car and trespassed." And so the court found by a preponderance of the evidence that Risse had committed new crimes, namely, trespassing and criminal mischief. *See* Iowa Code §§ 716.7(2)(a)(2), 716.1.

Risse maintains that "the preponderance of the evidence demonstrates that he did not" commit new crimes and that the district court abused its discretion by sentencing him as if he did. He points out that the video of him in the garage shows some of his property present there, which he says supports his contention that he had

---

[1]The Honorable Linda R. Reade, United States District Judge for the Northern District of Iowa.

not yet been asked to leave. He also says that his ex-girlfriend did not substantiate her claim that she had already asked him to leave her home or that her tire was ever damaged.

Risse's contentions are nothing more than an attack on the district court's credibility findings, which are "virtually unassailable on appeal." *See United States v. Buford*, 42 F.4th 872, 876 (8th Cir. 2022). Even though Risse's ex-girlfriend did not corroborate portions of her testimony with additional evidence, the district court nonetheless found her testimony sufficient to establish that she had asked Risse to leave by the time he tinkered with her car and that her tire had been damaged. Because Risse has failed to show on this record that we should disturb the district court's credibility findings, we detect no abuse of discretion here.

Affirmed.

_____